**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**DORENE LEE-GLASPER,**                                :        **CHAPTER 13**

**Debtor**

: **BANKRUPTCY NO. 18-10108**

**ORDER SUR MOTION OF WILMINGTON TRUST NATIONAL ASSOCIATION, ETC. ("WTNA") FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, this _____ day of April, 2020, upon consideration of the Motion of WTNA for Relief from the Automatic Stay, and the Answer of the Debtor thereto, it is hereby ORDERED that the above-referenced Motion (is DENIED) is continued until_____..

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**DORENE LEE-GLASPER,,**                                              :        CHAPTER 13

**Debtor**

: BANKRUPTCY NO. 14-10108

**DEBTOR'S AMENDED ANSWER TO MOTION OF WILMINGTON TRUST NATIONAL ASSOCIATION., ETC.  ("WTNA") FOR RELIEF FROM THE AUTOMATIC STAY, WITH AFFIRMATIVE DEFENSES**

1. The allegations of paragraphs 1-12, 14, and 15 of the Motion are admitted.

2. All other allegations of the Motion are denied. Strict proof of same is demanded at any hearing, if relevant.

**AFFIRMATIVE DEFENSES**

3. The Debtor has been assisted by Clarifi in making applications for loan modifications from the Movant or its assigns.

4. Neither the Debtor nor Clarify was ever advised that the Debtor's loan modification applications were in any way deficient, nor were they ever advised that the applications were rejected.

5. The Debtor therefore believes that the Movant's statements regarding the status of her loan modification applications are erroneous, and that said applications should still be pending.

6. the Debtor has presented counsel with copies of receipts for her mortgage payments to WTNA in January and February, 2020. The Debtor believes that she is current on her mortgage payments through February, 2020.

7. The Debtor has been laid off from her employment, and has therefore lost her source of income to pay the Movant, although she believes that she is eligible for temporary financial assistance, and will resume payments as soon as she is able.

8. In light of the foregoing, the Debtor believes that this Motion should be dismissed or continued to a later date after her employment is reinstated.

9. Although no basis for such relief is stated in the Motion, the proposed Order accompanying the Motion requests that the stay set forth in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived. The Debtor opposes such relief, as no basis for such relief is set forth..

WHEREFORE, the Debtor requests that this court will deny the Motion, at least in part, or continue the hearing to a later date. .

_____

- /s/DAVID A. SCHOLL

512 Hoffman Street

Philadelphia, PA. 19148

610-550-1765

Attorney for Debtor

-